1
2
3
4

ധO

5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

8
9
10
11
12
13
14
15

| | | |
|---|---|---|
| Timothy Lee Ward, | ) | No. 03-2159-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sgt. Karr, et al., | ) | |
| Defendant. | ) | |
| | ) | |

16
17
18

Pending before the Court is Defendant Gerry Bennett's Motion for Summary Judgment. (Doc. # 39) For the following reasons, that motion is granted.

**BACKGROUND**

19
20
21
22
23
24
25
26
27
28

On November 4, 2003, inmate Plaintiff Timothy Lee Ward ("Ward") filed suit against numerous employees of the Arizona Department of Corrections. (Doc. # 1) One of those employees was Gerry Bennett ("Bennett"), a Correctional Officer assigned to the property room at the Arizona State Prison Complex-Eyman, Special Management Unit I. By order of the Court filed on December 15, 2003, Ward was directed to file an Amended Complaint. (Doc. # 4) Ward filed his First Amended Complaint on December 23, 2003. (Doc. # 8) The amended complaint contained four counts. This Court screened the complaint pursuant to 28 U.S.C. § 1915A(b)(1), (2). (Doc. # 10) As a result of that screening, three of Ward's

1  counts were dismissed.  The only count left alleged that Bennett had denied Ward access to

2  the courts.  The following facts were recited in support of that allegation.

3  On February 13, 2003, Ward was moved to the Arizona State Prison Complex-Eyman,

4  Special Management Unit I.  Four days after that move, on February 17, 2003, Ward

5  submitted a written request that his legal property be delivered to his new location.  That

6  request was addressed to Bennett.  Ward received his legal property on February 24, 2003

7  at 2:00 pm. This delayed delivery allegedly caused Ward to miss a court deadline and caused

8  him "mental anguish." (Doc. # 8)

9  The case proceeded with discovery until sometime in December 2004 when Ward

10  learned that Bennett was not working during the time period his rights were allegedly

11  violated.  Ward requested the Court add "John Doe" as a defendant because he did not know

12  who was actually responsible for the late delivery of his property.  (Doc. # 29)  The request

13  was denied because "[t]he proper manner in which to name defendants is the filing of a

14  motion to amend and the lodging of a proposed second amended complaint."  (Doc. # 30)

15  Ward did not file a second amended complaint.

16  On March 24, 2005, Bennett filed a Motion for Summary Judgment.  (Doc. # 39)

17  Notice was sent on March 28, 2005 advising Ward that Bennett had filed a Motion for

18  Summary Judgment. See Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (requiring pro

19  se prisoner receive fair notice of summary judgment requirements).  The notice contained a

20  warning in bold lettering that Ward's failure to respond to the motion "may . . . be deemed

21  a consent to the granting of that Motion without further notice."  (Doc. # 41)  Ward was

22  given until April 28, 2005 to file a response.  No response was filed.

23  **ANALYSIS**

24  **I. Summary Judgment Standard**

25  A court must grant summary judgment if the pleadings and supporting documents,

26  viewed in the light most favorable to the non-moving party, "show that there is no genuine

27  issue as to any material fact and that the moving party is entitled to a judgment as a matter

28

- 2 -

of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In addition, the dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party; "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255. Therefore, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. Id.

The Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") provide specific guidance regarding what a party must submit when either seeking or opposing summary judgment. Local Rule 56.1 provides that a party opposing summary judgment must "set forth separately from the memorandum of law, and in full, the specific facts on which [the] party relies in support" of its motion. Also, "[a]s to each fact, the statement shall refer to a specific portion of the record where the fact may be found." Id. Local Rule 7.2(i) provides that failure to comply with these requirements "may . . . be deemed a consent to the granting of the motion."

## II.  Uncontested Facts

Ward chose not to file any Response to the Motion for Summary Judgment.  Thus, the Court is able to evaluate Ward's claims using only the initial filings by Ward[1] and the facts attached to Bennett's Motion.  The facts submitted by Bennett establish that he was not working from February 14, 2003 through March 3, 2003.  (Doc. # 40, Ex. 9)  Thus, Bennett could not have received Ward's request for the return of his property on February 17, nor could Bennett have processed that request and delivered Ward's property on February 24, 2003.  The undisputed facts establish that Bennett did not personally participate in the alleged violation of Ward's right of access to the courts.  Therefore, even if the Court assumes that Ward suffered a legal injury as the result of the late delivery of his property, Bennett cannot be held responsible for that injury.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (affirming dismissal because no evidence presented that defendants "knew of, or took part in, any constitutional deprivations").  Because Bennett had no involvement with any injury suffered by Ward, Bennett is entitled to summary judgment in his favor.

Accordingly,

Bennett's Motion for Summary Judgment (Doc. # 39) is **GRANTED**.

DATED this ___11/14/05___.

Roslyn O. Silver
United States District Judge

---

[1] See McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (providing verified complaint should be considered in opposition to motion for summary judgment).

- 4 -